UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FAYE WOODCOX, as Next Friend and Attorney-in-Fact of Danny Cook, | ) ) ) |
| Plaintiff, | ) ) ) CASE NO. 1:24-cv-265 |
| v. | ) ) |
| THE LUTHERAN FOUNDATION, INC., d/b/a Lutheran Hospital of Fort Wayne, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT AND JURY TRIAL DEMAND

### I. NATURE OF THE CASE

1. This is an employment discrimination action brought by Plaintiff Faye Woodcox ("Woodcox"), as Next Friend of Danny Cook ("Cook")(jointly, "Plaintiff"), against Defendant The Lutheran Foundation, Inc., d/b/a Lutheran Hospital of Fort Wayne ("Defendant" or "Lutheran"), for unlawfully discriminating against the Plaintiff on the basis of Cook's disability in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, as amended. Plaintiff also sues Lutheran for violation of the Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. § 701, *et seq.*

### II. PARTIES

2. Plaintiff Faye Woodcox is Danny Cook's mother, as well as his Attorney-in-Fact. She is a citizens of the United States, and at all time relevant to this lawsuit, has resided in Fulton County, Indiana, within the geographical boundaries of the Northern District of Indiana.

3. Plaintiff Danny Cook is Faye Woodcox's son, and at all time relevant to this lawsuit, has resided in Fulton County, Indiana, within the geographical boundaries of the Northern District of Indiana.

4. Defendant is a domestic, not-for-profit corporation, and, at all times relevant to this action, has maintained facilities and conducted business within Fort Wayne, Indiana, within the geographic boundaries of the Northern District of Indiana.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §12117.

6. Lutheran is a "public accommodation" as that term is defined by the ADA, 42 U.S.C. § 12181(7)(F), as amended.

7. On information and belief, Lutheran is a "program or activity receiving federal financial assistance," as that phrase is used in the Rehab Act, 29 U.S.C. § 794.

8. Cook suffers from a "disability" as that term is used in the ADA, 42 U.S.C. § 12102(1)(A).

9. Moreover, Cook is an "individual with a disability" as that term is defined in the 29 U.S.C. § 705(20).

10. To the extent required, Plaintiffs satisfied their obligation to exhaust administrative remedies, by having timely filed complaint number ICRC-2307-002006 with the Indiana Civil Rights Commission, receiving a Probable Cause Finding thereon on July 21, 2023, by participating in unsuccessful mediation, and by filing this lawsuit within seven days of the dismissal thereof.

11. All of the actions and incidents pertaining to this matter having occurred with the geographic boundaries of the Northern District of Indiana, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(3).

### IV. FACTUAL ALLEGATIONS

12. Cook is Woodcox's now 25-year-old adult son.

13. Since August 2002, when he was 18 months old, Cook has been totally deaf due to an adverse reaction to the MMR vaccine.

14. Cook attended school in Culver, Indiana, where he was enrolled in classes for the deaf and/or hearing-impaired, and had an Americal Sign Language ("ASL") interpreter for all classes.

15. Cook graduated high school in 2018, and obtained his certification as a welder.

16. As a result of his deafness, Cook requires the services of American Sign Language ("ASL") interpreters for all communication.

17. Around June 18, 2022, Cook was admitted to Lutheran's Intensive Care Unit ("ICU") as the result of an automobile accident. At the time he was admitted, Cook was unconscious.

18. On or about June 25, 2022, when Cook regained consciousness, Woodcox requested, as a reasonable accommodation, that Lutheran provide an ASL interpreter to be present during any of Cook's medical exams or procedures.

19. While Lutheran did provide interpreters during daytime hours, the hospital refused to provide ASL interpreters at night.

20. At the time, Lutheran's ICU Visitors Policy stated that visitors were not allowed between 8:00 p.m. and 8:00 a.m.

21. After Lutheran refused to accommodate Cook by providing overnight ASL interpreters, Woodcox asked if the hospital would accommodate Cook by allowing his family members to stay overnight in the ICU, in order to provide ASL interpretation.

22. Lutheran refused to grant Wookcox an exception to the policy.

23. At no time did Lutheran engage with Woodcox in an interactive process in an attempt to identify a reasonable accommodation.

## V.  LEGAL ALLEGATIONS

### Count 1: Disability Discrimination in Violation of the ADA

24. The Plaintiff incorporates the factual allegations in each of the preceding paragraphs as though fully set forth herein.

25. Plaintiff is disabled, as that term is defined by the ADA.

26. Defendant discriminated against Plaintiff on the basis of disability by denying Plaintiff the full and equal enjoyment of Defendant's services, facilities, privileges, advantages, or accommodations.

27. Defendant further discriminated against the Plaintiff by subjecting Plaintiff to a hostile environment based on the Plaintiff's disability, in violation of the ADA.

28. Defendant's unlawful and discriminatory actions were intentional, willful, and/or taken with reckless disregard for the Plaintiff's clearly established rights under the ADA.

29. As a direct and proximate result of Defendant's unlawful and discriminatory actions, the Plaintiff suffered, and continues to suffer, damages, including but not limited to physical and mental pain and suffering, and emotional distress.

### Count 2: Failure to Accommodate in Violation of the ADA

30. The Plaintiff incorporates the factual allegations in each of the preceding paragraphs as though fully set forth herein.

31. Defendant intentionally discriminated against Plaintiff when it failed and/or refused to reasonably accommodate his disability, and when it failed and/or refused to enter into an interactive dialogue.

32. Defendant's actions were intentional, willful, and/or taken with reckless disregard to Plaintiff's rights under the ADA.

33. As a result of Defendants' discriminatory acts and omissions, Plaintiff suffered, and continues to suffer monetary damages and damages for physical and mental pain and suffering, and emotional distress.

### Count 3: Violation of the Rehabilitation Act

34. The Plaintiff incorporates the factual allegations in each of the preceding paragraphs as though fully set forth herein.

35. Lutheran is a "program or activity receiving federal assistance" as that term is defined in 29 U.S.C. § 794(b)(3)(A)(i).

36. Defendant's actions and/or omissions denied Plaintiff the benefits a program receiving federal assistance because of Cotton's disability.

37. Defendant's actions were intentional, willful, and/or taken with reckless disregard to Plaintiff's rights under the Rehab Act.

38. As a result of Defendants' discriminatory acts and omissions, Plaintiff suffered, and continues to suffer monetary damages and damages for physical and mental pain and suffering, and emotional distress.

### VI. RELIEF

**WHEREFORE,** Plaintiffs Faye Woodcox and Danny Cook, by counsel, respectfully pray that the Court find in their favor and provide the following relief:

39. Order the Defendant to pay the Plaintiffs compensatory damages, in an amount sufficient to make the Plaintiff whole for the damages inflicted by Defendant's unlawful and discriminatory actions;

40. Order the Defendant to pay Plaintiffs punitive damages for its intentional, willful, and/or reckless violations of the ADA and/or Rehab Act;

-6-

41. Order that Defendant pay prejudgment and post-judgment interest on all sums recoverable;

42. Order that Defendant pay Plaintiffs' reasonable attorney fees and costs of litigation; and

43. Order the Defendant to provide with all other relief that is just and proper.

## VII.  DEMAND FOR TRIAL BY JURY

The Plaintiffs, by counsel, requests a trial by jury on all issues so triable.

Respectfully submitted,

*Jay Meisenhelder*
Jay Meisenhelder, Atty No. 19996-49
JAY MEISENHELDER EMPLOYMENT
& CIVIL RIGHTS LEGAL SERVICES, P.C.
650 North Girls School Road, Suite D40
Indianapolis, IN  46214
Office Telephone:	317/231-5193
Direct Telephone:	317/899-9220
Facsimile Number:	317/982-5463
Email Address:	jaym@ecrls.com